UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICKY JULIO ORTIZ-RIVAS,

        Plaintiff,

  v.

        Case No. 20-cv-1844-pp

STEVEN T. MNUCHIN,

        Defendant.

---

**ORDER EXTENDING TIME FOR PLAINTIFF TO PAY INITIAL PARTIAL FILING FEE AND GRANTING LETTER MOTION FOR ORDER AUTHORIZING INSTITUTION TO PAY INITIAL PARTIAL FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 9)**

---

On December 14, 2020, the plaintiff, a Wisconsin inmate who is representing himself, filed the complaint that began this lawsuit. In the signature block of the complaint, the plaintiff listed his address as the Dodge Correctional Institution in Waupun, Wisconsin. Dkt. No. 1 at 3. He filed a motion asking to proceed without prepaying the filing fee, dkt. no. 4, along with a prisoner trust account statement from Dodge Correctional Instition for the period from August 31, 2020 through December 15, 2020, dkt. no. 5. On January 4, 2021, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $32.84 by February 3, 2021. Dkt. No. 6. The order stated:

> If the plaintiff does not have enough money in his regular account to pay the initial partial filing fee, he is responsible for making arrangements with the authorities to pay the remainder of the filing fee from his release account. The language of 28 U.S.C. §1915(b)(1)

1

> suggests that a prisoner may use his release account to pay an initial partial filing fee only if he does not have sufficient funds in his regular account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

Id. at 3-4. The court sent the order to the plaintiff at Dodge, and sent a copy of the order to the warden at Dodge.

Two weeks later, on January 28, 2021, the court received a letter from the plaintiff. Dkt. No. 7. The letter was dated January 25, 2021; the plaintiff had written his return address as the Oneida County Jail in Rhinelander, Wisconsin. Id. The plaintiff explained that he wanted to file an amended complaint, and that he had tried to have it efiled from Dodge but that Dodge had said because he was not "in their institution" they would not efile for him. Id. He explained that he was "only at Oneida County Jail as an overflow inmate." Id. He included a message he'd sent to Dodge, telling them to withdraw the initial partial filing fee from his release account. Id.; Dkt. No. 7-2.

The February 3, 2021 deadline for the plaintiff to pay the initial partial filing fee passed without the court receiving the fee. What the court *did* receive on February 3, 2021 was the plaintiff's motion to appoint counsel. Dkt. No. 8.

On February 10, 2021, the court received another letter from the plaintiff; it was dated February 5, 2021 and again showed the plaintiff's return address as the Oneida County Jail. Dkt. No. 9. The plaintiff explained his financial circumstances—that he had only enough money in his jail trust account to buy hygiene supplies, while he had around $70 in his release account—and ended by asking the court to issue an order requiring the Department of Corrections to deduct the initial partial filing fee from his release

2

account. Id. The court will grant the plaintiff's request and direct the warden of Dodge Correctional Institution to forward $32.84 from the plaintiff's release account to the Clerk of Court as the plaintiff's payment of his initial partial filing fee. See Doty v. Doyle, 182 F. Supp. 2d 750, 751-52 (E.D. Wis. 2002). The court also will extend the deadline for the plaintiff to pay the initial partial filing fee.

Along with his January 25, 2021 letter to the court, dkt. no. 7, the plaintiff filed a proposed amended complaint, dkt. no. 7-1. The court will *not* instruct the clerk of court to docket this pleading. The Seventh Circuit has long held that "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 638 at n.1 (7th Cir. 2004). So the amended complaint takes the place of the original complaint; it is as if the original complaint has disappeared. The document the plaintiff proposed as his amended complaint, however, does not incorporate the allegations in the original complaint. It explains that the plaintiff has been moved from Dodge to the Oneida County Jail, asks for additional damages and explains that the plaintiff is undecided about whether he wants a jury trial. Dkt. No. 7-1. But it does not allege what the defendant did to violate the plaintiff's rights or how the plaintiff believes he was harmed. If the plaintiff wants to amend his complaint, he must use the court's amended complaint form (the court includes a copy with this order), and he must include in that amended

3

complaint *all* of the allegations he wishes to make against the defendant. The amended complaint will take the place of the original complaint.

As for the plaintiff's motion to appoint counsel, dkt. no. 8, the court will consider that motion once it has received the initial partial filing fee. The court also will "screen," or review, the complaint (or, if he files one, any amended complaint) once the court has received the initial partial filing fee.

The court **GRANTS** the plaintiff's letter motion for an order authorizing Dodge Correctional Institution to pay the initial partial filing fee from the plaintiff's release account. Dkt. No. 9.

The court **ORDERS** that Dodge Correctional Institution must remit the $32.84 initial partial filing from the plaintiff's release account to the clerk of court no later than the end of the day on **March 19, 2021**. The court **ORDERS** that the institution must identify the payment by the case name (Ortiz-Rivas v. Mnuchin) and case number (20-cv-1844).

The court will send a copy of this order to the warden at Dodge Correctional Institution.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2021.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **Chief United States District Judge**