UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICKY JULIO ORTIZ-RIVAS,

           Plaintiff,

v.                                Case No. 20-cv-1844-pp
                                    Appeal No. 21-1887
STEVEN T. MNUCHIN,

           Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO SUSPEND FILING FEE AND MOTION TO APPOINT COUNSEL (DKT. NO. 18)**

---

      Plaintiff Ricky Julio Ortiz-Rivas, who is confined at the Oneida County Jail, filed an amended complaint alleging that the defendant, former United States Secretary of the Treasury Steven Mnuchin, violated his rights under federal law because the plaintiff's $1700 Coronavirus Aid, Relief and Economic Security Act (CARES Act) payment was sent to the Wisconsin Support Collections Trust Fund to be applied to his child support obligation. Dkt. No. 11 at 2-3. Upon screening the amended complaint under 28 U.S.C. §1915A, the court found that the plaintiff had failed to state a claim for relief under federal law because the CARES Act authorizes offsets of economic impact payments for delinquent child support payments. Dkt. No. 12 at 5. The court also stated that the decision in <u>Scholl v. Mnuchin</u>, 489 F. Supp. 3d 1008 (N.D. Cal. 2020), barring the IRS from withholding economic impact payments from prisoners solely because of their incarcerated status, had no impact on or relation to the question of whether economic impact payments can be

1

intercepted to pay delinquent child support. Dkt. No. 12 at 7. The court noted that, in any event, it appeared that the plaintiff was not incarcerated when his payment was intercepted to pay the delinquent child support. Id. The court dismissed the amended complaint for failure to state a claim for which a federal court could grant relief and found that any amendment would be futile. Id. at 8. Finally, the court denied as moot the plaintiff's motion to appoint counsel. Id.

The court dismissed the case on April 14, 2021. Dkt. No. 12. On May 17, 2021, the plaintiff filed a notice of appeal.[1] Dkt. No. 14. One week later, the plaintiff filed a motion to suspend the filing fee and motion to reconsider the court's order denying his motion to appoint counsel. Dkt. No. 18.

District courts generally lack jurisdiction over a case on appeal. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But the court retains limited authority to consider a timely filed motion. Circuit Rule 57 of the United States Court of Appeals for the Seventh Circuit states that if, during the pendency of an appeal, a party files a motion under Fed. R. Civ. P. 60(a) or

---

[1] The plaintiff filed a trust account statement on May 24, 2021. Dkt. No. 19. The plaintiff has not yet filed a motion for leave to proceed without prepaying the appellate filing fee. On May 24, 2021, Clerk of Court sent the plaintiff a letter advising him that he still needs to file such a petition and including a blank petition for him to complete and send to the court. Dkt. No. 20. On July 12, 2021, the court received a handwritten document from the plaintiff titled "Notice to Request to Remit of Federal Filing Fees & Costs." Dkt. No. 21. This is not the form the court sent the plaintiff and does not contain the information that the court needs. Further, it appears to be a request to proceed without prepaying the *district court* filing fee—it references a fee of $402, which is the *district* court filing fee, rather than the $500 *court of appeals* filing fee.

60(b), Fed. R. Crim. P. 35(b) "or any other rule that permits the modification of a final judgment," that party should ask the district court to indicate whether it is inclined to grant the motion. If the district court says it is so inclined, the Seventh Circuit will remand the case to the district court to modify the judgment. The Federal Rules of Civil Procedure provide that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

In the instant motion, the plaintiff states that he believes the court has misunderstood his case and that there is an issue with how the institution has been taking money from his account to pay the filing fee. Dkt. No. 18 at 1. Regarding the first issue, the plaintiff contends that he believes the court should have granted his request for a lawyer so that he could correctly present his case. Id. at 1-4. The plaintiff says, "I believe that my claim is that my stimulus payment was intercepted by the child support agency and that this shouldn't have happened because a stimulus payment is set to help an individual in this pandemic[.]" Id. at 2-3. The court's screening order addresses this issue. If the plaintiff's amended complaint had stated a claim for relief, or if the court could have imagined a circumstance in which he could have filed a second amended complaint that would have stated a claim for relief, the court would have allowed the case to proceed at screening and it would have

addressed his motion to appoint counsel, instead of denying the motion as moot. The plaintiff has not shown that the court erred in denying as moot his motion to appoint counsel, nor has he identified any reason for the court to grant him relief from judgment.

Regarding the filing fee issue, the plaintiff states that he is indigent and that he cannot afford to pay the filing fee. Id. at 4. He says that he thought that when the court ordered him to pay the initial partial filing fee ($32.84) that he wouldn't have to forward more payments because he is indigent. Id. at 4-5. According to the plaintiff, he counts on any incoming funds to keep in contact with his daughter and to buy hygiene supplies. Id. at 5.

The court's January 4, 2021 order assessing the initial partial filing fee advised the plaintiff that if the court determined that he qualified to proceed without prepaying the filing fee, it would (a) waive the $52 administrative fee, and (b) allow the plaintiff to pay the $350 filing fee by paying an initial partial filing fee, followed by monthly installments, until the $350 has been paid in full. Dkt. No. 6 at 1; see also 28 U.S.C. §1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). As of July 22, 2021, the Clerk of Court has collected $45.24 of the plaintiff's $350 filing fee. The plaintiff still owes $304.76

and it should be collected in the manner set forth in the court's screening order. See Dkt. No. 12 at 9.

The court **DENIES** the plaintiff's motion to suspend filing fee and motion to appoint counsel. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 26th day of July, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**